UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECILE A. BROWN, | Case No. C20-5640-RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The instant matter comes before the Court *sua sponte* and on the Court's prior Order to Show Cause. Dkt. #7. *Pro se* Plaintiff, Cecile Brown, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. Summonses have not yet been issued.

Plaintiff brings this action against the Board of Veterans' Appeals for tort violations related to Plaintiff not receiving "her finality of appeal which was closed then reopen[ed] due to . . . Administrative Error." Dkt. #3 at 4. Under the Statement of Claim section, she states, "Give an Attorney 20% of Retroactive Pay when he was revoked evidence in RBA." She also claims that her rights were "grossly violated by government agents" and "deprived of a redress of grievances by sovereign immunity." *Id.* She cites both federal question and diversity of

ORDER OF DISMISSAL - 1

citizenship as the basis of jurisdiction. *Id.* at 3. Regarding damages, Plaintiff requests $500 million in emotional distress damages and $500 billion for defamation. *Id.* at 5.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

On July 13, 2020, the Court issued an Order to Show Cause highlighting deficiencies in Plaintiff's complaint and ordering Plaintiff to submit a Response within twenty-one days indicating why this case should not be dismissed. Dkt. #7. The order specifically cited Plaintiff's request for at least $500 billion in damages, the complaint's lack of factual detail, Plaintiff's failure to cite law or specific causes of action, and Plaintiff's failure to connect the alleged actions by Defendant to the injuries she has suffered. *See id.* at 2. The Court further noted that Plaintiff has provided no basis for why venue is proper in the Western District of Washington, given that Plaintiff resides in Louisiana and Defendant is an administrative tribunal within a government agency located in Washington, D.C.

The Court ordered Plaintiff to respond with "a short and plain statement telling the Court: (1) the laws or statutes upon which her claims are based; (2) exactly what facts support each of the alleged violations of law; (3) what specific injury Plaintiff suffered because of each alleged violation of law; and (4) why venue is proper in the U.S. District Court for the Western District of Washington." *Id.* at 2. The Court warned that Plaintiff's Complaint suffers from deficiencies that, if not adequately addressed, would require dismissal. *Id.* (citing 28 U.S.C. § 1915(e)(2)(B)).

The Court has received Plaintiff's response. Dkt. #8. Plaintiff's response explains that she brings this action under the Federal Tort Claims Act, claiming that "the United States clos[ed] appeal without considering all legal arguments in its entirety of a legal proceeding by a Veteran

ORDER OF DISMISSAL - 2

Law Judge." *Id.* at 3. She claims that because certain arguments were not considered on appeal and the Board of Veterans' Appeals closed her case, it engaged in a "failure to act where there is a legal responsibility to act." *Id.* She also explains that her appeal was closed and reopened due to an administrative error, thereby causing a longer wait time. *Id.* She also claims that her personal information is being shared despite asking the Board of Veterans' Appeals to stop sharing her information. *Id.*

Plaintiff's response fails to clearly connect Defendant's alleged actions to the injuries she claims she incurred, including but not limited to damage to her character and reputation, emotional distress, severe trauma, pain and suffering, and inability to purchase a home or travel. *See id.* at 6. She also provides no explanation for how her alleged damages amount to over $500 billion.

Moreover, Plaintiff fails to explain why venue is proper in the Western District of Washington. Plaintiff cites to the Federal Tort Claims Act, which provides that a claimant may seek judicial relief "in a proper Federal District Court." *Id.* at 6. However, she provides no explanation as to why venue is proper in this federal district court. Indeed, nothing in Plaintiff's complaint or response indicate that she or the Defendant reside in this district or that any portion of the events giving rise to the lawsuit occurred in this district.

Finally, the Court is in receipt of Plaintiff's filing titled "Brief" which attaches 77 pages of documents related to her appeal before the Board of Veterans' Appeals. *See* Dkts. #5, #5-1. As an initial matter, Plaintiff failed to seek leave of the court to file an over-length motion or brief. *See* LCR(f). Nevertheless, in the interest of affording a *pro se* plaintiff the benefit of any doubt, the Court has reviewed her supplemental filings. Plaintiff's filings largely repeat the claims raised in her complaint and response to the order to show cause. They do not address why

ORDER OF DISMISSAL - 3

venue is appropriate in the Western District of Washington, do not substantiate Plaintiff's request for more than $500 billion in damages, and do not clearly link Defendant's alleged actions to Plaintiff's claimed injuries.

The Court has reviewed the Complaint, Plaintiff's Response, and the remainder of the record and finds that Plaintiff has failed to adequately respond to the Court's Order to Show Cause. Plaintiff's request for damages ranging from $500 million to $500 billion is also frivolous. Given all of this, dismissal without prejudice is warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) This matter is CLOSED.

3) The Clerk shall terminate all pending motions in this matter.

DATED this 17th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4