UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECILE A. BROWN, | Case No. C20-5640-RSM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| UNITED STATES, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Cecile Brown's filings dated July 18 and July 19, 2020, Dkts. #12, #13, which the Court interprets as a Motion for Reconsideration of the Court's July 17, 2020 order of dismissal.

**I.     BACKGROUND**

Plaintiff filed this action on June 30, 2020 against the Board of Veterans' Appeals. Dkt. #1. The Court granted leave to proceed *in forma pauperis*. Dkt. #2. On July 13, 2020, the Court issued an Order to Show Cause highlighting deficiencies in Plaintiff's complaint and ordering Plaintiff to submit a Response within twenty-one days indicating why this case should not be

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

dismissed. Dkt. #7. The Court warned that Plaintiff's Complaint suffers from deficiencies that, if not adequately addressed, would require dismissal. *Id.* at 2 (citing 28 U.S.C. § 1915(e)(2)(B)).

Plaintiff filed her response to the show cause order on July 13, 2020, Dkt. #8. The Court also took notice of Plaintiff's July 10, 2020 filing titled "Brief," which attached 77 pages of documents related to her appeal before the Board of Veterans' Appeals. *See* Dkts. #5, #5-1. After reviewing Plaintiff's response to the show cause order and her July 10, 2020 filing, the Court concluded that Plaintiff failed to address why venue is appropriate in the Western District of Washington, failed to explain Plaintiff's request for more than $500 billion in damages, and failed to clearly link Defendant's alleged actions to Plaintiff's claimed injuries. *See* Dkt. #11 at 3-4. Accordingly, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

On July 18 and July 19, 2020, Plaintiff filed two documents respectively titled "Amendment to Order" and "Amendment to Amended Document." Dkts. #12, #13. Plaintiff's first filing cites to Fed. R. Civ. P. 59(e) and requests that the Court amend its July 17, 2020 order of dismissal. Dkt. #12 at 2. A dismissal pursuant to Section 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992). For that reason, no judgment was issued and Fed. R. Civ. P. 59(e) does not apply. Accordingly, Plaintiff's filings are properly construed as a Motion for Reconsideration of the Court's dismissal order.

## II.   DISCUSSION

**A. Standard of Review**

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Having reviewed Plaintiff's motion, Dkt. #12, as well as her attached complaint and signature page, Dkts. #12-1; #13, the Court finds no basis for granting the extraordinary remedy requested here. Plaintiff appears to raise several arguments: (1) the Court is under a duty to construe her claims liberally given her pro se status; (2) her 77-page attachment proves that Defendant committed fraud; and (3) her lawsuit is not groundless and has merit. Dkt. #12 at 1-5. Plaintiff's filings largely repeat the arguments and claims raised in her original complaint and response to the order to show cause. Nothing in Plaintiff's motion or attachments demonstrates that the Court committed manifest error in dismissing her claims pursuant to Section 1915(e), or provides new facts or legal authority that could not have been provided earlier. Furthermore, a party's pro se status, on its own, does not shield a complaint from dismissal should the Court find dismissal warranted. *See Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold . . . ."). For these reasons, the Court DENIES Plaintiff's motion.

### III.   CONCLUSION

Having reviewed Plaintiff's Motion and the remainder of the record, it is hereby ORDERED that Plaintiff's Motion for Reconsideration, Dkt. #12, is DENIED.

DATED this 20th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 3